IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARTAGENA ENTERPRISES, INC. d/b/a CARTAGENA PUBLISHING,<br><br>    Plaintiff,<br><br>      v.<br><br>EGC, CORP. et al.,<br><br>    Defendants. | CIVIL NO.: 14-1500 (MEL) |

**OPINION AND ORDER**

**I.    PROCEDURAL BACKGROUND**

On June 23, 2014 Cartagena Enterprises, Inc. d/b/a/ Cartagena Publishing ("plaintiff") filed a complaint against EGC, Corp. ("EGC") and Select-O-Hits, Inc. ("Select-O-Hits") (collectively "defendants") alleging copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.* (the "Copyright Act"), false destination of origin and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unjust enrichment in violation of "principles of equity and Puerto Rico Law". ECF No. 1. On August 21, 2014, defendants moved for dismissal of plaintiff's Lanham Act claims and Puerto Rico law unjust enrichment claims. ECF No. 16. Defendants filed a response in opposition on September 14, 2014 and plaintiff filed a reply on September 24, 2014. ECF Nos. 21; 26. For the following reasons defendant's motion to dismiss is granted.

**II.    FACTUAL BACKGROUND**

The court draws the following factual allegations from the complaint (ECF No. 1): Plaintiff is a music publisher that owns and controls a catalog of music compositions authored by composers in the Latin music genre. ¶ 9. On or about September 3, 2013 plaintiff received a

license request from Select-O-Hits, a music distributor, on behalf of ECG, seeking the permit and authorization to commercially use two compositions that are wholly owned and controlled by plaintiff: "Cupido" by composer Luis López Cabán and "Inmaginación" [*sic*] by composer Perín Vázquez. ¶¶ 11-12. Select-O-Hits sought the authority to legally include sound recordings from "Cupido" and "Inmaginación" [*sic*] in an album entitled "El Gran Combo de Puerto Rico – 50 Aniversario" by the salsa band El Gran Combo. ¶ 13. Plaintiff requested a sample of the album with the songs for "listening reference" and Select-O-Hits provided plaintiff the same. ¶¶ 14-15. After examining the sample provided, plaintiff denied the license request, finding that the style and manner in which the songs were used "significantly altered" their basic melodies, structures, and musical arrangements. ¶ 15.

Plaintiff also put Select-O-Hits on notice that two other compositions wholly owned by plaintiff were featured on the "El Gran Combo de Puerto Rico – 50 Aniversario" album: "Carmencita" by composer Kito Vélez and "Te Vas a Arrepentir" by composer Roberto Anglero. ¶ 16. Plaintiff also denied Select-O-Hits a license to use those songs on the album. Id. After plaintiff issued its notice of license denial for the songs in question, Select-O-Hits attempted to secure a compulsory license via § 115 of the Copyright Act, but was unsuccessful. ¶ 18. Select-O-Hits notified plaintiff that it had acquired a license through the Harry Fox Agency. ¶ 17. Plaintiff responded to Select-O-Hit's notice of license acquisition by informing Select-O-Hits that the Harry Fox Agency did not have the authority to issue a license for the songs in the question, and such licenses were not valid. Id. Plaintiff also sent a cease-and-desist letter to the Harry Fox Agency, requesting that it cease and desist from issuing licenses to compositions that it did not control. Id.

Defendants proceeded to feature the compositions "Carmencita," "Te Vas a Arrepentir," "Cupido," and "Inmaginación" [*sic*] in the "El Gran Combo de Puerto Rico – 50 Aniversario" album, without a license issued by plaintiff. ¶ 19. The album was manufactured, distributed, marketed, and made available for sale to the public on October 7, 2013. Id. Defendants altered the lyrics of the songs. ¶ 20. Defendants also included a song entitled "El Gran Combo Ahí" on the "El Gran Combo de Puerto Rico – 50 Aniversario" album, which features portions of other compositions solely owned and controlled by plaintiff, without plaintiff's authorization, including: "Brujería" by Jorge Borrergo, "El Menú" by Perín Vázquez, "Jala Jala" by Pellín Rodríguez, and "Julia" by Omar Mario Carrizo Castillero. ¶ 21. Plaintiff has acquired registered copyrights to the compositions "Carmencita," "Te Vas a Arrepentir," "Cupido," "Inmaginación," [*sic*] "Brujería," "El Menú," "Jala Jala," and "Julia." ¶ 22.

### III.   STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the court must limit its focus to the allegations of the complaint. Litton Indus., Inc. v. Colón, 587 F.2d 70, 72 (1st Cir. 1978). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id. An evaluation of a motion to dismiss under Rule 12(b)(6) requires the court to "accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in plaintiff's favor.'" Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). Dismissal under Rule 12(b)(6) is appropriate only if the facts alleged, taken as true, do not warrant recovery. Aulson, 83 F.3d at 3.

In order to survive a motion to dismiss, plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although

all inferences must be made in plaintiff's favor, the court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

The Supreme Court held in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), that in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). "While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.' Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 133 (D.P.R. 2007) (quoting Twombly, 550 U.S. at 555-56) (citation omitted).

### IV. LEGAL ANALYSIS

#### 1. Lanham Act Claim

The majority of the Lanham Act pertains to trademark registration, use, and infringement; § 43(a) of the Lanham Act, however, "is one of the few provisions that goes beyond trademark protection," prohibiting conduct that would lead to confusion with respect to the "origin, sponsorship, or approval" of goods or services. Dastar Corp. v. Twentieth Centry Fox Film Corp., 539 U.S. 23, 28-29 (2003) (citing 15 U.S.C. § 1125). "Section 43(a) provides a federal remedy for using either 'a false designation of origin' or a 'false description or representation' in connection with any goods or services." Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 779 (1992). In Dastar, the United States Supreme Court held that the phrase "origin of goods" "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." 539 U.S. at 37.

4

Defendants assert that plaintiff's Lanham Act claims must be dismissed in light of the decision in Dastar, claiming that they are "actually copyright claims in disguise," which do not properly state a cause of action pursuant to section 43(a) of the Lanham Act. ECF No. 16, at 12. Plaintiff does not address this argument in its response, stating only that it "voluntarily dismisses without prejudice" its cause of action pursuant to the Lanham Act. ECF No. 21, at 2. A "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). A review of the docket reveals that no answer or motion for summary judgment has been filed in this case; therefore, plaintiff's Lanham Act claim (ECF No. 1, ¶¶ 31-38) is dismissed without prejudice pursuant to its announcement of voluntary dismissal.

### 2. Unjust Enrichment Claim

Section 301(a) of the Copyright Act preempts any state cause of action that is equivalent to a federal copyright infringement claim. Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1164 (1st Cir. 1994). "To avoid preemption, 'a cause of action defined by state law must incorporate elements beyond those necessary to prove copyright infringement, and must regulate conduct qualitatively different from the conduct governed by federal copyright law.'" Guedes v. Martínez, 131 F.Supp.2d 272, 279 (D.P.R. 2001) (internal citations omitted). "If a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action." DataGen., 36 F.3d at 1164 (internal citations omitted).

Defendants contend that plaintiff's unjust enrichment claim under Puerto Rico law is preempted, arguing that it does not contain an element that makes it "qualitatively different" from a copyright infringement claim under federal law. ECF No. 14, at 13-14. State law unjust enrichment claims based on the use of copyrighted material are "generally preempted because the theory of unjust enrichment protects rights that are essentially equivalent to those protected under the Copyright Act." Amador v. McDonald's Corp., 601 F. Supp. 2d 403, 408-09 (D.P.R. 2009) (finding Puerto Rico law unjust enrichment claim was preempted by the Copyright Act where it was based on the same conduct that was alleged to violate the Copyright Act) (citing Guedes, 131 F. Supp. 2d at 280); see also 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.01(B)(1)(g) (2008) ("[A] state law cause of action for unjust enrichment or quasi contract should be regarded as an 'equivalent right' and hence, pre-empted insofar as it applied to copyright subject matter.").

In support of its unjust enrichment claim, plaintiff reincorporates each of the allegations which underlie its claim under the Copyright Act. ECF No. 1, ¶ 39. It adds that "[defendants], through their actions unjustly enriched themselves at plaintiff's, Cartagena Publishing expenses [*sic*] and as such, they should be required to make restitution of or for the property and/or benefits received from their intentional and unjust acts of using the compositions . . . without consent" and that "through and with knowledge of their actions [d]efendants [*sic*] patrimony increased substantially while plaintiff, Cartagena Publishing's decreased." Id. at ¶¶ 40-41. The complaint contains no factual allegations in support of the unjust enrichment claim regarding defendant's conduct that are distinct from those alleged in support of the federal claim. Plaintiff essentially alleges that the unauthorized use of plaintiff's copyrighted musical compositions, in violation of the Copyright Act, unjustly enriched defendants and thus entitles plaintiff's to

compensation, which is precisely the type of state law unjust enrichment claim that the Copyright Act preempts. See e.g., Data Gen. Corp. v. Grummon Sys. Support Corp., 795 F. Supp. 501, 506 (D.Mass. 1992) aff'd 36 F.3d 1147 (1st Cir. 1994) ("Count VI of the complaint alleges a claim for unjust enrichment. This claim is for damages of the alleged violation of Data General's exclusive right to control the use of the copyrighted materials, and is thus another repackaged allegation of copyright infringement. Such a claim is preempted by federal law.") (citations omitted); see also Firoozye v. Earthlink Network, 153 F. Supp. 2d 1115, 1126 (N.D. Cal. 2001) ("[W]here the plaintiff's theory of relief is that the defendant has improperly benefited from using a certain work and that a contract should be implied in law (*e.g.*, a quasi-contract, quantum meruit, or unjust enrichment claim), such claims are preempted."). Because plaintiff's cause of action for unjust enrichment is not qualitatively different from its copyright infringement claim, it is preempted by the Copyright Act and therefore is dismissed with prejudice.

V. **CONCLUSION**

Based on the foregoing analysis, defendant's motion to dismiss (ECF No. 16) is granted. Plaintiff's cause of action for false designation of origin and unfair competition pursuant to § 43 the Lanham Act is dismissed without prejudice in accordance with its decision to voluntarily desist from the pursuing the claim. Its cause of action for unjust enrichment in violation Puerto Rico law is dismissed with prejudice as it is preempted by federal copyright law. Plaintiff's cause of action for copyright infringement claims in violation of the Copyright Act survives.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 3rd day of December, 2014.

                                                  s/Marcos E. López
                                                  U.S. Magistrate Judge